**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**ERIC J. BANKS**                                                                                          **PETITIONER**
Reg. #17473-045

VS.                          CASE NO.: 2:08CV00084 SWW/BD

**T.C. OUTLAW**                                                                                          **RESPONDENTS**
**Warden, FCC,**
**Forrest City, Arkansas, et al.**


**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

## II.     Background

Petitioner is currently serving a five year sentence in the Bureau of Prisons ("BOP") after pleading guilty to conspiracy to distribute fifty grams or more of methamphetamine. (Docket entry #2 at p. 13) On March 17, 2008, the BOP notified Petitioner of his eligibility for its residential drug abuse program. At the same time, the BOP notified Petitioner that, according to its current assessment, he would not be eligible for early release upon completion of the program because his sentence was enhanced for his possession of a firearm during the offense. (#2 at p. 18)

On May 9, 2008, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (#1) claiming he is entitled to be eligible for a reduction in his sentence upon completion of the residential drug abuse program. On July 3, 2008, the District Court entered an order (#9) granting Petitioner's motion to stay his petition pending a decision by the Eighth Circuit Court of Appeals in a similar case, *Gatewood v. Outlaw*, 560 F.3d 843 (8th Cir. 2009). Petitioner moved to lift the stay after the Eighth Circuit rendered its decision in *Gatewood*, and the District Court granted the motion. (#10, #11)

In his motion to lift the stay, Petitioner again asks the Court to grant him eligibility for early release upon completion of the residential drug abuse program. The Eighth Circuit's decision in *Gatewood*, however, precludes the Court from granting Petitioner the requested relief. *Id*. at 844. In *Gatewood*, the Eighth Circuit rejected the petitioner's argument and held that 28 C.F.R. § 550.58[1] and BOP Program Statement 5162.04 are not

---

[1] The relevant portion of 28 C.F.R. § 550.58 is now found at 28 C.F.R. § 550.55.

arbitrary and capricious in violation of the Administrative Procedures Act. In so holding, the Eighth Circuit declined to follow the Ninth Circuit Court of Appeals' holding in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008).

### III.   Conclusion

Based on the Eighth Circuit's ruling in *Gatewood*, the Court recommends that the District Court dismiss the petition with prejudice.

DATED this 8th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE